UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN HICKS,        ) | |
| ) | 3:12-cv-00369-MMD-VPC |
| Plaintiff,        ) | |
| ) | |
| v.        ) | **REPORT AND RECOMMENDATION** |
| ) | **OF U.S. MAGISTRATE JUDGE** |
| KATHLEEN HARTMANN, *et al.*,        ) | |
| ) | |
| Defendants.        ) | August 28, 2013 |
| _____) | |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.  Before the court is plaintiff's application to proceed *in forma pauperis* (#1) and *pro se* complaint (#1-1).[1]  The court has thoroughly reviewed the record, and recommends that plaintiff's application to proceed *in forma pauperis* be granted, but that plaintiff's complaint be dismissed with prejudice.

**I.     Plaintiff's Application to Proceed *In Forma Pauperis***

Based on the financial information provided with plaintiff's application to proceed *in forma pauperis*, the court finds that plaintiff is unable to pay the filing fee in this matter.  Accordingly, the court recommends that plaintiff's application to proceed *in forma pauperis* be granted.

**II.    Screening Pursuant to 28 U.S.C. § 1915**

Applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915, which "authorizes the court to dismiss an [*in forma pauperis*] action that is frivolous or malicious."

---

[1] Refers to the court's docket number.

-1-

*Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (citing 28 U.S.C. § 1915(a) (citing 28 U.S.C. § 1915(d)). This provision applies to all actions filed *in forma pauperis*, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

28 U.S.C. § 1915 provides: "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *see also Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative

level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.  Plaintiff's Complaint

Plaintiff has filed an alleged civil rights complaint pursuant to 42 U.S.C. § 1983 (#1-1). He alleges that he suffered an injury while on the job at Wal-Mart, underwent immediate emergency hernia surgery and, due to the injury itself as well as complications from the surgery, he requires ongoing treatment for pain. He names as defendants Kathleen Hartman, a field case nurse, apparently with Wal-Mart's insurer Sedgwick; David H. Benavidez, Sedgwick's attorney; plaintiff's former attorney Lawrence B. Bernard; and appeals officer Deborah S. Gallagher. *Id*. at 2-3.

Plaintiff states that he has had a "continual and prolonged struggle with Sedgwick" to receive his promised benefits. *Id*. at 3. The thrust of plaintiff's claims appears to be that he disagrees with the outcome of a hearing related to his medical treatment and benefits after his injury. In count I, he alleges that defendant Hartman "perpetrated fraud" when she sent him to a medical provider who was not on the approved providers panel, which apparently jeopardized his receipt of benefits. In count II, he alleges that defendant Benavidez lied to the hearing officer to make it appear that plaintiff intentionally went to a non-approved provider. In count III, he contends that his counsel, defendant Bernard, "gained [his] signature under false pretense in his own self-interest" and lied to plaintiff about "how the appeals officer agreed to upward increase." *Id*. at 4-6.

## IV. Discussion

First, the court finds that plaintiff has improperly brought this action pursuant to 42 U.S.C. § 1983, which creates a cause of action allowing a plaintiff to enforce federal rights created by the Constitution or federal statute. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). "To sustain an action under Section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Wood v. Ostrader*, 879 F.2d 583, 587 (9th Cir. 1989). Section 1983 does not provide a cause of action for violations of state law. *See Galen v. County of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007).

Here, plaintiff's claims do not appear to implicate his federal constitutional or statutory rights. He alleges that private individuals—the insurer's field nurse, the insurer's attorney and his own counsel—engaged in fraud related to an appeal of his benefits and/or compensation related to his injury. He has not alleged that the conduct in question was committed by any person acting under color of state law.[2] Accordingly, to the extent he brings this action under 42 U.S.C. § 1983, his claims should be dismissed.

Next, the gravamen of plaintiff's complaint appears to sound in potential state-law claims such as fraud and attorney malpractice. Such claims do not fall within the jurisdiction of the federal court. 28 U.S.C. §§ 1331-1332. The court does not opine on whether plaintiff states any colorable state law claims. Instead, the court finds that plaintiff does not state any federal claims and recommends that the court decline to exercise supplemental jurisdiction over any potential state law

---

[2] The court notes that plaintiff has named an appeals hearing officer as a defendant (Deborah S. Gallagher) and cites to the Nevada statutes on industrial insurance. While plaintiff does not elaborate, this defendant may be a state employee and thus a possible state actor. However, in his complaint plaintiff sets forth no allegations against Gallagher whatsoever—including any allegations of any actions or omissions on her part that might implicate his constitutional rights.

claims pursuant to 28 U.S.C. § 1367(c)(3).  Therefore, the court recommends that plaintiff's action be dismissed with prejudice as to any federal claims.  The complaint should be dismissed with prejudice and without leave to amend as to any federal claims because it is clear that plaintiff's complaint fails to state a claim upon which relief in this court may be granted and that the deficiencies cannot be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

**V.    Conclusion**

**IT IS THEREFORE RECOMMENDED** that plaintiff's application to proceed *in forma pauperis* (#1) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that plaintiff's civil rights complaint (#1-1) be **DISMISSED WITH PREJUDICE**.

The parties should be aware of the following:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.  These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the District Court's judgment.

**DATED**:  August 28, 2013.

_____

**UNITED STATES MAGISTRATE JUDGE**