UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEVEN HICKS,<br><br>　　　　　　　　　Plaintiff,<br>v.<br>KATHLEEN HARTMANN, et al.,<br><br>　　　　　　　　　Defendants. | Case No. 3:12-cv-00369-MMD-VPC<br><br>ORDER ACCEPTING REPORT AND RECOMMENDATION |

Before the Court is Magistrate Judge Valerie P. Cooke's Report and Recommendation ("R&R") (dkt. no. 5), regarding Plaintiff Steven Hicks' Complaint and application to proceed *in forma pauperis*. (Dkt. no. 1.) Plaintiff did not file an objection but did file a Motion to Extend Time after the period for filing an objection had elapsed. (Dkt. no. 6.)

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v.*

*Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection.").

Though Plaintiff did not file an objection, the Court finds it is appropriate to review the R&R *de novo*. The R&R recommends that the Court grant Plaintiff's application to proceed *in forma pauperis* and dismiss the Complaint with prejudice. The R&R says that Plaintiff fails to state a claim upon which relief may be granted. Upon review of the R&R and the record, the Court determines that the R&R's finding is correct and the Complaint should be dismissed. The Court agrees that the Complaint fails to identify a clear legal basis for its claims. Even reading the Complaint in a light most favorable to Plaintiff, the Court cannot identify any federal constitutional or statutory rights implicated in Plaintiff's allegations. Further, the Complaint does not allege that the Defendants were acting under color of state law. As such, the R&R is correct that the Complaint fails to state a claim under 42 U.S.C. § 1983.

In his Motion to Extend Time, Plaintiff states that he has received new evidence that will allow him to better articulate his civil rights claims. (Dkt. no. 6 at 3-4.) As Plaintiff is proceeding *pro se* and has not filed an amended complaint in this action, the Complaint will be dismissed but Plaintiff will be granted leave to file an amended complaint. Plaintiff's Motion to Extend Time is otherwise moot to the extent it seeks more time to object to the R&R or provide the Court with additional evidence. Plaintiff may provide additional evidence in his amended complaint, should he choose to file one.

It is hereby ordered that the R&R (dkt. no. 5), is adopted in part and rejected in part. Plaintiff's application to proceed *in forma pauperis* (dkt. no. 1) is granted. The Complaint (dkt. no. 1-1) is dismissed without prejudice. Plaintiff is granted leave to file an amended complaint within fourteen (14) days of this order.

It is further ordered that Plaintiff's Motion to Extend Time (dkt. no. 6) id denied as moot.

The Clerk is ordered to file the Complaint. The Complaint is dismissed without prejudice.

DATED THIS 6th day of December 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE