UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEVEN HICKS,<br><br>         Plaintiff,<br>  v.<br><br>KATHLEEN HARTMANN, et al.,<br><br>         Defendants. | Case No. 3:12-cv-00369-MMD-VPC<br><br>ORDER ACCEPTING REPORT AND RECOMMENDATION |

  Before the Court is Magistrate Judge Valerie P. Cooke's Report and Recommendation ("R&R") (dkt. no. 16), recommending the Court dismiss this action without prejudice and deny various motion to stay (dkt. nos. 10, 11, 12, 14, and 15) as moot. Judge Cooke entered the R&R on February 26, 2014. Objections to the R&R were due by March 15, 2014. No objections were filed.

  This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review

employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection"). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g., Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

Nevertheless, this Court finds it appropriate to engage in a *de novo* review in order to determine whether to adopt the R&R. On December 6, 2013, the Court entered an Order dismissing the Complaint without prejudice for failure to state a claim. (Dkt. no. 7.) However, Plaintiff indicated that he had received new evidence that allowed him to better articulate his claims. (*Id.*) As a result, the Court granted leave for Plaintiff to file an Amended Complaint. (*Id.*) Plaintiff filed the Amended Complaint on December 23, 2013. (Dkt. no. 9.)

The R&R finds that the Amended Complaint is unclear and similar to Plaintiff's initial Complaint. The R&R also notes that Plaintiff has filed several motions to stay in which he indicates that one of the named Defendants in the Amended Complaint was "exonerated" and further states that he would like to add defendants and possibly file two separate actions. (Dkt. no. 16 at 3-4.) The R&R also notes that Plaintiff asked to file a second amended complaint but has not provided the Court with a proposed amended pleading pursuant to LR 15-1. (*Id.* at 4.) The R&R recommends this action be dismissed without prejudice to give Plaintiff an opportunity to sort out the actions he would like to bring and the defendants he would like to name. (*Id.*) The R&R proceeds to outline relevant legal considerations that Plaintiff should bear in mind in filing any new actions pursuant to 42 U.S.C. § 1983. (*Id.*)

Upon review of the Amended Complaint, Plaintiff's various filings and the record, the Court determines that the R&R should be adopted in full. The Amended Complaint

does not cure the deficiencies in Plaintiff's initial Complaint as, even reading the Amended Complaint in the light most favorable to Plaintiff, the Court still cannot identify any federal constitutional or statutory rights implicated in Plaintiff's allegations. This action will be dismissed without prejudice. Plaintiff may file a new action or new actions if and when Plaintiff has identified specific defendants and specific allegations of violations of his federal constitutional rights.

It is hereby ordered that the R&R (dkt. no. 16) is accepted and adopted in full. This action is hereby dismissed and Plaintiff's motions to stay (dkt. nos. 10, 11, 12, 14, and 15) are denied as moot.

DATED THIS 21st day of July 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

3